E. O. ELLIOTT *v.* E. J. ROBARDS and others.

A sells a tract of land to B, retaining the title until the purchase money is paid. B makes a payment on the debt due A, and then sells his interest to C; A and B agree to obtain from the proper Court a decree of sale, which is made, the land sold and is purchased by C, (the title still being retained until the purchase money is paid) who gives his bonds to A and B for their respective shares. C being unable to pay his bonds, A brings this action against the other parties, asking for a sale of the land, and the proper distribution of the purchase money; the land is sold and A becomes the purchaser, B claiming a *pro rata* share of the proceeds of sale: *Held*, that B until he paid the debt to A for the first purchase, was entitled to no part of the proceeds of sale; and further, that if the land sold for more than B owed A, B was entitled to the surplus and the surrender of his note; if it sold for less, B's note must be credited with the amount it did sell for.

CIVIL ACTION, tried before *Mitchell, J.*, at the Fall Term, 1873, of the Superior Court of CATAWBA County.

The case is brought to this Court upon the appeal of one of the defendants, from the judgment of the Court below, sustaining certain exceptions of the plaintiff to the report of the Clerk.

The facts are fully stated in the opinion of the Court.

*M. L. McCorkle*, for appellant.
*Caldwell* and *Armfield, McCorkle & Bailey*, and *Schenck*, contra.

Rodman, J. As the defendants Wyatt and Wynne, do not appeal, it is only necessary to consider the case between the plaintiff and Mrs. Robards. By her demurrer, she admits the fact as set forth in the complaint, and that was the only source from which the Judge could derive a knowledge of them. Mrs. Robards appeals only from the judgment respecting the appropriation of the fund in Court, and that only is examinable here.

The material facts, (about which there is no dispute at all,) are these:

The plaintiff, being the owner of the White Sulphur Springs land, in or about 1861, agreed with Mrs. Robards to sell her the land for $10,000, title to be made when the purchase money should be paid. She entered into, or continued in possession and made a part payment on the note. In 1864 she agreed to sell her interest to Wyatt and Wynne for $10,000, about the same time, the plaintiff agreed to sell them his estate for $10,900 payable in gold, in five years, without interest. Wyatt and Wynne made their notes to each of the parties accordingly. It was also agreed that the plaintiff and Mrs. Robards should unite in a petition to the Court, to have the lands sold according to the terms agreed on. The Court decreed a sale, and Wyatt and Wynne purchased for $29,000, and gave their notes to plaintiff for $10,900, and to Mrs. Robards for the remaining $10,000. The sale was on the terms that no title should be made until payment of the price. Wyatt and Wynne took possession, but made no payment, and at Spring Term, 1871, of Catawba Superior Court, both plaintiff and Mrs. Robards, obtained judgments against them. Plaintiff thereupon brought this action, in which the Court decreed that the land should be sold so as to give to the purchaser a title against all parties, but reserved its determination of the relative rights of plaintiff and of Mrs. Robards, in the proceeds of the sale. The land was sold and bought by plaintiff, for $10,700.

The parties now ask the Court to adjudge their respective rights in this fund.

It must be admitted, that prior to the transaction with Wyatt and Wynne, Mrs. Robards could claim a title on payment to plaintiff of her debt to him. Plaintiff retained the legal title as a security for this debt, and no Court can divest him of it, so long as this debt *exists unpaid*.

It is contended, however, for Mrs. Robards, that the transaction of plaintiff with Wyatt and Wynne, had the effect to extinguish her debt to him. We fail to perceive the equity of the proposition.

Wyatt and Wynne having the equity of Mrs. Robards, could have acquired the title of plaintiff by paying him what Mrs. Robards owed. They not being then able to do that, the plaintiff in consideration that the payment should be made in gold, agreed that they might have five years credit without interest. It does not appear what was the precise amount of Mrs. Robards' debt at this time, nor how nearly the sum of $10,900 to be paid to plaintiff, approximated to it,—probably very closely. There is no evidence that plaintiff was endeavoring to secure anything more than he was fairly entitled to.

It is evident that by this transaction the plaintiff did not receive payment of the Robards debt. If he had received the notes of Wyatt and Wynne in *payment* for his interest, the case would be different. But he retains the title as a security for future payment. The same facts show that he did not intend to *release* Mrs. Robards, or his hold on the land as a security for his debt. No principle occurs to us, on which he must be construed to have done so against his intention. Mrs. Robards was not injured, or even damaged, in any way by the plaintiff's conduct. There was no moment, at which she could not have obtained a conveyance from plaintiff, on paying her debt to him. Her loss is altogether from the insolvency of Wynne and Wyatt and the deficient value of the land. To give her any part of this fund which represents the land, without payment of her debt, would be to give her what she

has never given any consideration for, and which the plaintiff never contracted to give her, except on a condition precedent which she has never performed.

If the debt of Mrs. Robards, after deducting the payment, is just equal to the fund in Court, the plaintiff is entitled to receive the fund, and is required to surrender to Mrs. Robards her note. If her note exceeds the fund, he will credit the note with the amount of the fund. If her note is less than the fund, the excess after paying her note will be paid to her. These facts can be ascertained by a simple arithmetical calculation, which may be made by the Clerk, on a reference limited to that. If the fund were in this Court, the decree might be made here, but as it is in the Court below, the case must be remanded, in order that the decree may be entered and carried into effect there.

As the action of both parties has tended to obscure somewhat a very simple matter, neither party will recover costs in this Court.

Per Curiam.                    Judgment accordingly.